1  JEFFREY S. BUCHOLTZ
   Assistant Attorney General
2  KAREN P. HEWITT
   United States Attorney
3  SHEILA LIEBER
   Deputy Director
4  KATHRYN L. WYER
   U.S. Department of Justice, Civil Division
5  20 Massachusetts Avenue, N.W.
   Washington, DC 20530
6  Tel. (202) 616-8475 / Fax (202) 616-8470
   kathryn.wyer@usdoj.gov
7  *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARP HEALTHCARE; INTERNIST LABORATORY; AND SCRIPPS HEALTH,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL LEAVITT, SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Case No. 08 CV 0170 W Por<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ON GROUNDS OF MOOTNESS, DISSOLVE THE PRELIMINARY INJUNCTION, AND VACATE THE COURT'S INTERLOCUTORY OPINIONS**<br><br>Date: September 22, 2008<br>Courtroom: 7<br><br>NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)<br><br>HONORABLE THOMAS J. WHELAN |

Defendant's Memorandum in Support of Motion to Dismiss, Dissolve PI, & Vacate Prior Orders          08cv0171 W POR

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................iii

INTRODUCTION ..............................................................................................................1

BACKGROUND ................................................................................................................1

ARGUMENT ......................................................................................................................3

    I.    BECAUSE PLAINTIFFS' CLAIMS ARE MOOT, THIS ACTION MUST BE DISMISSED AND THE PRELIMINARY INJUNCTION MUST BE DISSOLVED ................................................................................................3

    II.    THE COURT'S INTERLOCUTORY ORDERS SHOULD BE VACATED ..........5

CONCLUSION ..................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**

Agostini v. Felton, 521 U.S. 203, 117 S. Ct. 1997 (1997) ...................................................4

Am. Games, Inc. v. Trade Prods., Inc., 142 F.3d 1164 (9th Cir. 1998) ...................5, 6, 8

Am. Library Ass'n v. Barr, 956 F.2d 1178 (D.C. Cir. 1992) ...............................................7

Clarke v. United States, 915 F.2d 699 (D.C. Cir. 1990) ....................................................7

Covenant Media of Cal., LLC v. City of Huntington Park, 377 F. Supp. 2d 828 (C.D. Cal. 2005) .....4

Forest Serv. Employees for Envt'l Ethics v. U.S. Forest Serv.,
    408 F. Supp. 2d 916 (N.D. Cal. 2006) .......................................................................6, 8

Get Outdoors II, LLC v. City of Chula Vista, 407 F. Supp. 2d 1172 (S.D. Cal. 2005) ...................3

Get Outdoors II, LLC v. City of El Cajon,
    No. 03-1437, 2007 WL 4170230 (S.D. Cal. Nov. 20, 2007) ................................................4

Houle v. Riding, No. 07-1266, 2008 WL 223670 (E.D.Cal. Jan. 28, 2008) ...................................3

Humane Soc'y v. Kempthorne, 527 F.3d 181 (D.C. Cir. 2008) .........................................................7

Jacobus v. Alaska, 338 F.3d 1095 (9th Cir. 2003) ..........................................................................3

Khodara Envt'l, Inc. ex rel. Eagle Envt'l L.P. v. Beckman, 237 F.3d 186 (3d Cir. 2001) ..............7

MIT v. United States, 75 Fed. Cl. 129 (2007) ................................................................................5

Motorola, Inc. v. J.B. Rodgers Mech. Contractors, 215 F.R.D. 581 (D. Ariz. 2003) ....................5

NASD Dispute Resolution, Inc. v. Judicial Council, 488 F.3d 1065 (9th Cir. 2007) .....................6

Nat'l Black Police Ass'n v. Dist. of Columbia, 108 F.3d 346 (D.C. Cir. 1997) ..........................6, 7

Native Vill. of Noatak v. Blatchford, 38 F.3d 1505 (9th Cir. 1994) ................................................3

Smith v. Univ. of Wash. Law Sch., 233 F.3d 1188 (9th Cir. 2000) ..............................................3, 4

Taylor v. Chiang, No. 01-2407, 2007 WL 3049645 (E.D. Cal. Oct. 18, 2007) ..............................4

Toledo Area AFL-CIO Council v. Pizza, 907 F. Supp. 263 (N.D. Ohio 1995) ..............................4

United States v. Munsingwear, Inc., 340 U.S. 36, 71 S. Ct. 104 (1950) .........................................5

U.S. Bancorp Mtg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 115 S. Ct. 386 (1994) .......................5

Valero Terrestrial Corp. v. Paige, 211 F.3d 112 (4th Cir. 2000) ...............................................4-5, 8

White v. Lee, 227 F.3d 1214, 1241 (9th Cir. 2000) ..........................................................................3

**STATUTES**

42 U.S.C. § 13952-3(e) ...............................................................................................................1, 2, 4

Medicare Prescription Drug, Improvement and Modernization Act ("MMA"),
    Pub. L. 108-173, § 302 (2003) ..................................................................................................1

Medicare Improvements for Patients and Providers Act of 2008 ("MIPPA"),
    Pub. L. 110-275, § 145, 122 Stat. 2494 (2008) .........................................................................2

**INTRODUCTION**

On July 15, 2008, the Medicare demonstration project that was the subject of plaintiffs' challenge was cancelled by an Act of Congress repealing the underlying statute. Plaintiffs' claims – which seek only prospective injunctive relief – are therefore moot. Accordingly, this action should be dismissed and the preliminary injunction enjoining the Centers for Medicare and Medicaid Services ("CMS") from continuing its implementation of the project, issued by this Court on April 8, 2008, should be dissolved. Furthermore, the Court's interlocutory opinions of April 4 and April 8, 2008 should be vacated. Vacatur is generally appropriate when an action becomes moot before the party adversely affected by a court's interlocutory orders has an opportunity to litigate the issues to conclusion, including on appeal. The "voluntary action" exception to this general rule does not apply when mootness is caused by a statutory change. Such a legislative act cannot raise any inference that the executive branch is attempting to manipulate the judicial process – particularly where, as here, the change occurred over the President's veto.

**BACKGROUND**

In 2003, as part of the Medicare Prescription Drug, Improvement and Modernization Act ("MMA"), Pub. L. 108-173, § 302 (2003), Congress directed CMS to conduct a Medicare demonstration project in order to test the use of competitive bidding to set reimbursement rates for certain clinical diagnostic laboratory services. See id. § 302(e) (codified at 42 U.S.C. § 13952-3(e)). CMS chose the San Diego metropolitan area as the first demonstration site and issued a bid solicitation, indicating bids must be submitted by February 15, 2008, and winners would be announced on April 11, 2008.

Plaintiffs filed suit on January 29, 2008, raising a number of claims related to CMS' implementation of the project, and seeking prospective injunctive relief.[1] Plaintiffs also sought a

---

[1] Specifically, plaintiffs' Complaint requested "an order enjoining the Secretary and his agents from implementing the laboratory demonstration project (including the February 15, 2008 bid date), under the currently announced terms, in the San Diego-Carlsbad-San Marcos area or any other area;" and "an order compelling the Secretary and his agents, including CMS, to

temporary restraining order and preliminary injunction to halt the bidding process that was then underway. In response, the government argued that the Court lacked subject matter jurisdiction over plaintiffs' claims. On February 14, 2008, the Court denied plaintiffs' motion for a temporary restraining order and ordered plaintiffs to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Order of Feb. 14, 2008 (dkt. #13). On March 10, 2008, while briefing in response to the Court's Order to Show Cause was underway, plaintiffs filed a renewed motion for a preliminary injunction. (dkt. #15).

Ultimately, in connection with its prior order and plaintiffs' motion, the Court issued two opinions. First, on April 4, 2008, the Court issued an order finding that it had jurisdiction over plaintiff's claims. Order of April 4, 2008 (dkt. #23). On April 8, 2008, the Court issued a second order, granting plaintiffs' motion for a preliminary injunction. Order of April 8, 2008 (dkt. #25). In accord with the preliminary injunction, CMS halted implementation of the clinical laboratory services competitive bidding demonstration project. Thus, the winning bidders were never announced, and payments were never made under competitively-set rates in the demonstration project area.

On July 15, 2008, overriding the President's veto, Congress passed the Medicare Improvements for Patients and Providers Act of 2008 ("MIPPA"), Pub. L. 110-275, § 145, 122 Stat. 2494 (2008). This law, which went into effect as of the date of its enactment, canceled the demonstration project by repealing 42 U.S.C. § 1395w-3(e), the governing subsection. As a result of Congress' cancellation, CMS has necessarily permanently halted all plans to implement the demonstration project.

---

comply with the mandatory provisions of the APA, including but not limited to the provisions requiring a public notice and comment process, before implementing the laboratory demonstration project in any geographic area, including the San Diego-Carlsbad-San Marcos area," as well as attorney's fees and costs and "such other and further relief as the Court deems necessary and appropriate." Compl. at 21-22.

# ARGUMENT

## I. BECAUSE PLAINTIFFS' CLAIMS ARE MOOT, THIS ACTION MUST BE DISMISSED AND THE PRELIMINARY INJUNCTION MUST BE DISSOLVED

There can be no dispute that, in the face of Congress' cancellation of the demonstration project, plaintiffs' challenge to CMS' implementation of the demonstration project is moot, and thus subject to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). See White v. Lee, 227 F.3d 1214, 1241 (9th Cir. 2000).[2] Claims become moot when they no longer present an Article III case or controversy because "resolution of the issue presented cannot really affect the plaintiff's rights," and thus "no real relief can be awarded." Smith v. Univ. of Wash. Law Sch., 233 F.3d 1188, 1193 (9th Cir. 2000); see also Jacobus v. Alaska, 338 F.3d 1095, 1102 (9th Cir. 2003) (recognizing a case is moot where "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" (internal quotation omitted)).

It is well settled that a legislative change removing the statutory basis for a plaintiff's challenge renders the claim moot, absent bad faith or the substitution of similar legislation. See Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1510 (9th Cir. 1994) ("A statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed."); Get Outdoors II, LLC v. City of Chula Vista, 407 F. Supp. 2d 1172, 1178-79 (S.D. Cal. 2005) ("[T]he action by a governmental body to repeal, modify or otherwise alter legislation will ordinarily moot a challenge to that legislation in federal court" unless the repeal or amendment "is part of a bad faith attempt by the government to avoid

---

[2] In White, the Ninth Circuit recognized that a motion to dismiss under Fed. R. Civ. P. 12(b)(1) may be "either facial or factual," and that, when considering a factual challenge, a court may take into account "matters of public record" without converting a motion to dismiss into one for summary judgment. Id.; cf. Houle v. Riding, No. 07-1266, 2008 WL 223670, *1 (E.D.Cal. Jan. 28, 2008) ("In the facial attack, the court must consider the allegations of the complaint as true, whereas in the factual attack, the court makes its own determination of the facts."). Here, the Court need only refer to the statutory amendment that repealed the authorization for the demonstration project at issue to conclude that plaintiffs' claims are moot, so no evidence beyond the pleadings is required.

judicial review or where the government has enacted a substantially similar law."). Thus, in Native Vill. of Noatak, the Ninth Circuit upheld the district court's dismissal of a challenge to regulations promulgated by an Alaska state agency, which expanded a revenue sharing program beyond unincorporated Native communities to all unincorporated communities, where the state legislature had repealed the statute that had been the basis for the revenue sharing program. 38 F.3d at 1510 (recognizing that "[b]ecause the relevant statute has been repealed, the Commissioner cannot promulgate or enforce regulations under that statute"). Similarly, in Smith, the Ninth Circuit held that a reverse discrimination challenge to a law school's admissions policy became moot after the State of Washington enacted a law prohibiting the challenged practice. 233 F.3d at 1194.[3]

Here, Congress' repeal of 42 U.S.C. § 1395w-3(e), the provision that directed the Secretary to establish the clinical diagnostic laboratory services competitive bidding demonstration project in the first place, has forced CMS to cancel the project in its entirety. Plaintiffs' challenge to CMS' implementation of the project thus cannot yield them any prospective relief. Accordingly, this action no longer presents a justiciable case or controversy, and plaintiffs' claims must be dismissed as moot. Similarly, because mootness deprives plaintiffs of any likelihood of success on the merits, there is no longer any basis for maintaining a preliminary injunction, and the injunction must therefore be dissolved.[4] See, e.g., Covenant

---

[3] This Court has similarly held a challenge to a city sign ordinance moot where the defendant city had substantially revised the ordinance in a way that removed any basis for the plaintiffs' claim. Get Outdoors II, LLC v. City of El Cajon, No. 03-1437, 2007 WL 4170230, *5-6 (S.D. Cal. Nov. 20, 2007) (J. Whelan).

[4] A district court has inherent power to modify or dissolve a preliminary injunction when, due to changed circumstances, the criteria for issuing an injunction are no longer satisfied. See Toledo Area AFL-CIO Council v. Pizza, 907 F. Supp. 263, 265-66 (N.D. Ohio 1995) (dissolving a preliminary injunction where a new regulation cured the constitutional defect the court had previously identified in a state statute); cf. Taylor v. Chiang, No. 01-2407, 2007 WL 3049645, *2 (E.D. Cal. Oct. 18, 2007) (recognizing that, "[o]nce a preliminary injunction is issued, district courts have 'wide discretion' to modify it"). After final judgment is entered, the Supreme Court has indicated that any order granting prospective relief must be vacated, pursuant to Fed. R. Civ. P. 60(b)(5), "where there has been 'a significant change . . . in law.'" Valero Terrestrial Corp. v.

Media of Cal., LLC v. City of Huntington Park, 377 F. Supp. 2d 828, 842 (C.D. Cal. 2005) (holding that plaintiff was not entitled to a preliminary injunction once the underlying claim became moot due to the city's repeal of the ordinance that plaintiffs had challenged).

## II.     THE COURT'S INTERLOCUTORY ORDERS SHOULD BE VACATED

Because Congress' cancellation of the demonstration project renders this case moot, defendant will have no further opportunity to pursue the arguments he has set forth in this Court, or to seek review of the Court's decisions on appeal. Vacatur of the Court's two interlocutory opinions of April 4 and 8, 2008, is therefore appropriate. Under Ninth Circuit precedent, a district court has discretion to grant vacatur in such circumstances, based on a "balancing of the equities." Am. Games, Inc. v. Trade Prods., Inc., 142 F.3d 1164, 1168 (9th Cir. 1998).[5] The weight of authority indicates that, where a case has become moot due to events beyond the litigant's control, including legislative change, the equities resoundingly favor vacatur.

The Supreme Court has recognized a "tradition of vacatur" where a case has become moot due to "happenstance," based on the equitable principle that it is unfair to let stand an interlocutory opinion that the adversely-affected party had no opportunity to challenge. U.S. Bancorp Mtg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 25, 115 S. Ct. 386 (1994) (citing United States v. Munsingwear, Inc., 340 U.S. 36, 40, 71 S. Ct. 104 (1950)). The Court in U.S. Bancorp

---

Paige, 211 F.3d 112, 122 (4th Cir. 2000) (quoting Agostini v. Felton, 521 U.S. 203, 215, 117 S. Ct. 1997 (1997)). Applying the rule of Agostini, the Fourth Circuit held in Valero that vacatur of the district court's order permanently enjoining enforcement of various state law provisions was necessary where the statutory provisions had been amended. Id. (affirming the district court's vacatur).

[5]Because mootness requires a case to be dismissed, resulting in the merger of any interlocutory orders with the final judgment, the district court's grant of vacatur is typically pursuant to Fed. R. Civ. P. 60(b). Am. Games, Inc., 142 F.3d at 1167. Of course, where a case has never been reviewed on appeal, a district court may alter or vacate its own prior order prior to final judgment, pursuant to Fed. R. Civ. P. 54(b) (providing that "any order or other decision . . . may be revised at any time before the entry of a [final] judgment"). See Motorola, Inc. v. J.B. Rodgers Mech. Contractors, 215 F.R.D. 581, 582-83 (D. Ariz. 2003) (recognizing the district court's "discretion to reconsider and vacate a prior order"); see also MIT v. United States, 75 Fed. Cl. 129, 131 (2007) (recognizing district court's "'inherent power' to vacate non-final orders").

did not follow the tradition of vacatur because, in that case – unlike this one – the parties had reached a settlement of their claims, which the Court construed as a voluntary forfeiture of any right to challenge prior orders. See id. However, the Court "stood by" the principle that "mootness by happenstance provides sufficient reason to vacate." Id. at 25 n.3.

The Ninth Circuit has also adhered to this principle.[6] In American Games, the Ninth Circuit affirmed the district court's grant of vacatur where the two companies that had opposed each other in the litigation were joined together through a corporate merger, rendering the case moot. Am. Games, Inc., 142 F.3d at 1166, 1170. The district court found that the merger "was motivated by legitimate business reasons only incidental to the mooted case," and thus fell somewhere between happenstance and a voluntary forfeiture, but that on balance, the equities favored vacatur. Id. at 1166. Similarly, in Forest Serv. Employees for Envt'l Ethics v. U.S. Forest Serv., 408 F. Supp. 2d 916 (N.D. Cal. 2006), the court vacated a preliminary injunction where plaintiffs' challenge had become moot due to the Forest Service's decision not to proceed with a timber sale. Id. at 920-21. Rejecting the plaintiffs' argument that the Forest Service's decision constituted "voluntary action" within the meaning of U.S. Bancorp, the court concluded that "the primary reason that this case has become moot is 'happenstance,'" because the passage of time had made the proposed timber sale economically unfeasible. Id. at 921 (emphasis added).

Courts that have considered vacatur where mootness was caused by legislative change have concluded that legislative change more closely resembles happenstance than a voluntary forfeiture of the right to seek review or reversal. In Nat'l Black Police Ass'n v. Dist. of Columbia, 108 F.3d 346 (D.C. Cir. 1997), the D.C. Circuit considered "whether Bancorp's presumption against vacatur should apply where the party seeking [vacatur] is the government and the case has been mooted by passage of new legislation." Id. at 351. The court concluded

---

[6]Indeed, the Ninth Circuit Court of Appeals has recognized that "vacatur is generally 'automatic' in the Ninth Circuit when a case becomes moot on appeal." NASD Dispute Resolution, Inc. v. Judicial Council, 488 F.3d 1065, 1068 (9th Cir. 2007). While the court directly addressed only mootness on appeal, it discussed the same Supreme Court decisions that have been held applicable to vacatur by a district court pursuant to Fed. R. Civ. P. 60(b).

Defendant's Memorandum in Support of Motion to Dismiss, Dissolve PI, & Vacate Prior Orders    08cv0171 W POR
- 6 -

that the rationale underlying Bancorp – that litigants should not be able to "manipulate the judicial system" by first trying to prevail in litigation and then, if they fail, intentionally mooting the case to avoid the continuing impact of the court's decision – did not apply where mootness is caused by new legislation, absent any evidence that the legislature "was motivated by such a manipulative purpose." Id. at 351-52.  As the court recognized, a legislature "may act out of reasons totally independent of the pending lawsuit, or because the lawsuit has convinced it that the existing law is flawed," which is a sign of "'responsible lawmaking, not manipulation of the judicial process.'" Id. at 352 (quoting Am. Library Ass'n v. Barr, 956 F.2d 1178 (D.C. Cir. 1992)).  The court also expressed reluctance to impute a "'manipulative purpose'" to a "'coordinate branch of government.'" Id. (quoting Clarke v. United States, 915 F.2d 699, 705 (D.C. Cir. 1990)).  Finally, the court cited "[s]eparation of powers concerns," in light of the fact that "defense of existing laws falls to the executive whereas initiation of legislation is the responsibility of the legislature." Id. at 353.  This division puts the executive branch "in a position akin to a party who finds its case mooted . . . by 'happenstance,' rather than events within its control." Id.; see also Humane Soc'y v. Kempthorne, 527 F.3d 181, 185 (D.C. Cir. 2008) (discussing Nat'l Black Police Ass'n).  The D.C. Circuit therefore vacated the district court decision at issue.  Nat'l Black Police Ass'n, 108 F.3d at 354.  The Third Circuit followed similar reasoning in Khodara Envt'l, Inc. ex rel. Eagle Envt'l L.P. v. Beckman, 237 F.3d 186 (3d Cir. 2001), vacating the district court's final order holding a law facially unconstitutional where an intervening statutory amendment rendered the plaintiffs' challenge moot.  Id. at 195.

Here, the Court's conclusion should be no different.  Congress' repeal of the statute authorizing the clinical diagnostic laboratory services competitive bidding demonstration project can be regarded as equivalent to "happenstance."  Indeed, the fact that the bill was enacted over the President's veto conclusively demonstrates that the executive branch was not attempting to manipulate the judicial process through the repeal.

On the other side of the equitable equation, the public interest in letting stand these two interlocutory orders, which were issued on an abbreviated time schedule and now have no possibility of being subject to further review, is minimal.  The fact that the April 8, 2008, order

did not purport to resolve plaintiffs' claims on the merits but was rather aimed at preserving the status quo through a preliminary injunction further supports this conclusion.  See <u>Forest Serv. Employees for Envt'l Ethics</u>, 408 F. Supp. 2d at 921 (recognizing that the public interest in a court decision granting a preliminary injunction is minor); see also <u>Valero Terr. Corp.</u>, 211 F.3d at 121 (concluding that the public interest was "no bar to vacatur" when the statutory provisions that had been challenged "either no longer exist[ed] or ha[d] been substantially revised"); <u>Am. Games, Inc.</u>, 142 F.3d at 1170 (concluding that the balance of equities favored vacatur where there was no evidence of manipulative intent and the adversely affected party would otherwise be denied any opportunity for appellate review of the adverse decisions).  The equitable balance therefore strongly favors vacatur.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss plaintiffs' claims, dissolve the preliminary injunction, and vacate its interlocutory orders of April 4 and April 8, 2008.

DATED: August 8, 2008

Respectfully Submitted,
JEFFREY S. BUCHOLTZ
Assistant Attorney General
KAREN P. HEWITT
United States Attorney
SHEILA LIEBER
Deputy Director

/s/   Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel.  (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARP HEALTHCARE; INTERNIST LABORATORY; AND SCRIPPS HEALTH,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL LEAVITT, SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | Case No. 08 CV 0170 W (POR)<br><br>**CERTIFICATE OF SERVICE** |

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

IT IS HEREBY CERTIFIED that:

I, Kathryn L. Wyer, am a citizen of the United States over the age of eighteen years and a resident of the District of Columbia; my business address is 20 Massachusetts Ave., Washington, DC 20530; I am not a party to the above-entitled action.

I have caused service of the following document(s) on the parties indicated below by electronically filing said document(s) with the Clerk of the District Court using its ECF System, which electronically notifies them:

DOCUMENT(S) SERVED:

- Memorandum of Points and Authorities in Support of Motion to Dismiss on Grounds of Mootness, Dissolve the Preliminary Injunction, and Vacate the Court's Interlocutory Orders

PARTIES ON WHOM SERVED:

    Plaintiffs, by and through their counsel of record, Patric Hooper,

        phooper@health-law.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2008.

                                                                             s/ Kathryn L. Wyer
                                                                             KATHRYN L. WYER